NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1006

COMMONWEALTH

vs.

D.T.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, D.T., appeals from an order of a Boston Municipal Court judge denying her request for expungement of the record of a 1996 criminal complaint issued out of the Dorchester District Court.[1]  We affirm.

The complaint that the petitioner seeks to have expunged, issued in November 1996, charged a single count of assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A.  According to the police report, the petitioner struck the alleged victim, her sister, with a plant pot.  The

_____

[1] The Dorchester District Court was not part of the Boston Municipal Court system in 1996.  It was transferred to the Boston Municipal Court Department of the Trial Court in 2003. See St. 2003, c. 45, § 1, eff. July 1, 2003.

petitioner was arrested and transported to the police station. She was arraigned the next day, and the case was immediately dismissed. The court record is silent as to the reason for the dismissal. The record was sealed in 2013.

In the petitioner's first petition for expungement, alleging errors by law enforcement and court employees, see G. L. c. 276, § 100K (§ 100K), she claimed that she and her sister had been arguing, but she did not throw any shoes or possess any guns or "other nefarious items." She continued, "The charge was wrong and we decided prior to [the] hearing to have it dismissed." The judge denied the petition for expungement for failure to demonstrate error by the police or court employees. The petitioner filed a notice of appeal from the denial of her petition.

In a subsequent petition for expungement, however, the petitioner for the first time alleged false use, unauthorized use, and theft of her identity, as well as fraud on the court, contending that the case had been dismissed because the suspect was "found not to be me." And in a later-filed motion for reconsideration she alleged the discovery of new, exculpatory evidence that she believes to demonstrate mistaken identity and fraud on the court. The same judge denied the second petition and the motion for reconsideration, finding that the petitioner

2

had failed to demonstrate "that her identity was used falsely during this incident, that her identity was used without her authorization, that someone stole her identity, that there were errors by law enforcement, that there were errors by Court employees, [or] that there was fraud perpetrated upon the Court."  The petitioner did not file any additional notices of appeal.

As relevant here, to be entitled to reason-based expungement under § 100K the petitioner must show "by clear and convincing evidence that the record was created as the result of (1) false identification of the petitioner or the unauthorized use or theft of the petitioner's identity; . . . (3) demonstrable errors by law enforcement; . . . (5) demonstrable errors by court employees; or (6) demonstrable fraud perpetrated upon the court."  G. L. c. 276, § 100K (a). See Commonwealth v. K.W., 490 Mass. 619, 621-622 (2022).  We review the judge's denial of a petition for expungement for abuse of discretion.  See id. at 624.

We agree with the motion judge that the petitioner failed to show that the criminal complaint against her was issued as the result of error by the police or court personnel.  In her initial petition, the petitioner did not claim mistaken identity, but instead focused on the nature of the weapon

3

involved.  The police report, however, demonstrated probable cause that the petitioner assaulted the victim with a plant pot.  Though not a dangerous weapon per se, a plant pot could be considered a dangerous weapon if used in an improper and dangerous manner.  See Commonwealth v. Sexton, 425 Mass. 146, 149-150 (1997).

The denials of the second petition for expungement and of the motion for reconsideration are not properly before us because the petitioner did not renew her notice of appeal.  See Custom Kits Co. v. Tessier, 97 Mass. App. Ct. 385, 388 n.7 (2020).  In any event, we also agree with the judge that the petitioner failed to demonstrate mistaken identity or fraud on the court.  To the extent the petitioner was mistakenly named in Boston Municipal Court Docket No. 240203, that matter took place in a different court, after the criminal complaint at issue in this appeal had already been dismissed, and a judge ordered deletion of the records of that case from the court activity record information system.  Nothing in the petition for expungement or supporting materials suggests that the 1996 charges against the petitioner were the result of mistaken identity or fraud.

The judge did not abuse his discretion in concluding that the petitioner failed to demonstrate by clear and convincing

4

evidence that her record was the result of any of the reasons set forth in § 100K.

> Order denying petition for expungement affirmed.
>
> By the Court (Massing, Hand & Smyth, JJ.[2]),
>
> *Paul Little*
>
> Clerk

Entered: October 11, 2024.

---

[2] The panelists are listed in order of seniority.